UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK STAMBAUGH,

        Plaintiff,

   v.                                  CAUSE NO. 3:21-CV-631 DRL-MGG

TIM HUNTER *et al.*,

        Defendants

OPINION AND ORDER

Frank Stambaugh, an inmate proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) The court screened his original complaint and determined that it did not state a plausible claim for relief against any defendant. He was afforded an opportunity to submit an amended complaint, and he responded with the present filing.

Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must

nevertheless give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Stambaugh is a pretrial detainee at the Miami County Jail. His original complaint contained claims against multiple defendants based on a variety of issues, including the handling of his legal mail, the disruption of a phone call with his attorney, an incident where he had standing water in his cell, and the medical care he received after falling in the water. His amended complaint focuses on his claim that Correctional Officer Lauren Turnipee violated his rights in connection with the standing water in his cell.

As with his original complaint, he alleges that on August 4, 2021, he had a puddle of water in his cell due to a leaky shower. He pushed the emergency call button around 10:40 a.m. and asked Officer Turnipee if he could leave his cell to get a mop. She allegedly told him he could not leave his cell at that time but would be leaving shortly for lunch and could get a mop then. He alleges that lunch routinely occurred around 11:00 a.m. He still had not been let around 11:10 a.m., and so he pushed the emergency call button again to repeat his request for a mop. Officer Turnipee allegedly told him he would be let out "in a few." At 11:30 a.m., he pushed the emergency call button a third time, and Officer Turnipee allegedly did not respond. At 11:45 a.m., Officer Turnipee buzzed the door so Mr. Stambaugh could leave his cell. As he was leaving the cell, he slipped in the water, fell, and injured himself.

Because Mr. Stambaugh was a pretrial detainee when this incident occurred, his claims must be analyzed under the Fourteenth Amendment.[1] *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "[N]egligent conduct does not offend the Due Process Clause," so allegations of negligence or even gross negligence won't suffice. *Id.* at 353.

To state a Fourteenth Amendment claim related to conditions of confinement, a detainee must allege that "the conditions in his cell posed an objectively serious threat to his health; that [the defendant's] response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of their actions." *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021). "A jail official's response to serious conditions of confinement is objectively

---

[1] In his original complaint, Mr. Stambaugh alleged that this incident occurred when he was a pretrial detainee. In his amended complaint, he checked the box indicating that the incident occurred "after conviction while confined serving a sentence." (ECF 8 at 1.) It is unclear if this was a scriveners' error. If Mr. Stambaugh had already been convicted at the time of this incident, his claims would be governed by the Eighth Amendment, which contains a subjective element not applicable to Fourteenth Amendment claims, and requires a showing of deliberate indifference by the defendant. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Allegations that fail to state a plausible Fourteenth Amendment claim would likewise fail under the more demanding Eighth Amendment standard.

unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

Mr. Stambaugh does not meet this standard. Instead, he alleges that he had a puddle of water in his cell due to a leaky shower, and that when he asked to get a mop, Officer Turnipee essentially told him he had to wait a short time until his scheduled lunch. He was let out of his cell within an hour of his first request. The court cannot conclude that requiring him to wait approximately an hour to clean up a puddle of water in his cell was objectively unreasonable. Nor is there a basis in the amended complaint to plausibly suggest that a puddle of standing water posed an emergency situation. At most, he alleges circumstances suggesting negligence, which is not enough to state a federal due process claim. *Miranda*, 900 F.3d at 353–54.

Mr. Stambaugh also appears to complain about the medical care he has received for his back. Pretrial detainees are entitled to constitutionally adequate medical care. To state a claim, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care he received, or the denial of medical care, was "objectively unreasonable." *Miranda*, 900 F.3d at 354. Mr. Stambaugh suggests that he is not receiving proper medical care, but his allegations are quite vague. His only mention of this issue is in the section designated for requested relief, wherein he states that he would "like [his] back properly looked at." The only defendant he names is Officer Turnipee, and there is no indication she is a medical professional or that she acted in an objectively unreasonable

4

fashion related to his medical care. Instead, it is clear from his allegations that he was taken to an outside hospital for treatment after the fall. The court informed him in the first screening order that to allege a plausible Fourteenth Amendment claim, he must provide specific details about his medical care at the jail, including alleging how it has been inadequate and who provided the inadequate care. He does not provide such details or name any individual responsible for his medical care. Based on what he has alleged, there is no plausible basis to infer that anyone at the jail has provided him care that was "objectively unreasonable."

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Stambaugh has already been afforded one opportunity to amend his complaint, and the court fully outlined how he could cure the deficiencies in his original complaint. The allegations in the amended complaint are basically the same as those in the original. The court finds no basis to conclude that, if given another opportunity, he could assert a plausible constitutional claim, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A, and DIRECTS the clerk to close the case.

SO ORDERED.

November 3, 2021
                                       *s/ Damon R. Leichty*
                                       Judge, United States District Court